before the arguments began and appellee having thereby obtained the right to open and close, the admission was made in sufficient time and appellee is in no position to complain that the admission was not sooner made.

■ The only real issue in the case was between appellant and appellee Bernfield, and the fact that other defendants did not join in this admission is unimportant and is also a matter about which appellee Bernfield is in no position to complain.

The trial court should have rendered judgment personally against Bernfield and the failure to do so constitutes error.

The judgment in so far as it denies appellant a personal judgment against Bernfield for the amount of principal, interest, and attorney's fees due on the deed of trust note in the sum of $1,000 will be reversed and judgment here rendered in appellant's favor against Martin Bernfield, in the sum of $1,545.50, together with interest thereon from October 28, 1935, until paid at the rate of 10 per cent. per annum and cost of this appeal, in all other respects the judgment is affirmed.

M. Brown, Asst. Atty. Gen., for plaintiff in error.

A. R. Rucks, of Angleton, for defendant in error.

HIGGINS, Justice.

The question presented by this writ of error is moot.

The writ is therefore dismissed.

## HARRISON et ux. v. PILOT LIFE INS. CO.

### No. 13499.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 5, 1937.

## COUNTY SCHOOL TRUSTEES OF BRAZORIA COUNTY v. SWEENY INDEPENDENT SCHOOL DIST.

### No. 3492.

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1937.

William McCraw, Atty. Gen., Scott Gaines, First Asst. Atty. Gen., and William

